1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM EUGENE FIELDS,

                 Plaintiff,

    v.

PIERCE COUNTY, et al,

                 Defendant.

CASE NO. 3:22-cv-05626-DGE-BAT

**REPORT AND RECOMMENDATION**

Plaintiff William Eugene Fields, who is currently confined at the Pierce County Jail, filed a *pro se* in this 42 U.S.C. § 1983 civil rights complaint against Defendants Pierce County, and the Washington Department of Corrections. Before the Court is defendant Washington State Department of Corrections' (DOC) motion to dismiss plaintiff's claims against it under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 11. The motion was filed on October 27, 2022 and noted for December 2, 2022. Plaintiff has not responded to the dismissal motion. Because the DOC is immune from suit under the Eleventh Amendment, the Court recommends that the DOC be DISMISSD with prejudice from this action. Leave to amend should be denied because amendment would be futile. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

**BACKGROUND**

The complaint alleges Plaintiff's constitutional rights were violated when he was incarcerated past his earned early release date and when he was denied access to the courts and to his attorney. Dkt. 5 (Complaint) at 4-5, 6-7. Plaintiff names as defendants Pierce County of the State of Washington and the Washington State Department of Corrections. Complaint at 1. He seeks monetary relief and/or the dismissal of two cause numbers in Pierce County Superior Court. Complaint at 9.

**DISCUSSION**

The Court should dismiss a complaint under Rule 12(b)(6) when it appears beyond a doubt the plaintiff can prove no set of facts that would entitle him to relief. *Homedics, Inc. v. Valley Forge Ins. Co*., 315 F.3d 1135, 1138 (9th Cir. 2003). A district court must accept all factual allegations in the complaint as true and must liberally construe those allegations in a light most favorable to the non-moving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, conclusory allegations are not similarly treated. *Warren v. Fox Family Worldwide, Inc*., 328 F.3d 1136, 1139 (9th Cir. 2003).

Plaintiff seeks relief under § 1983 and must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

The DOC argues plaintiff's complaint is deficient for failing to name a "person" as a defendant and therefore should be dismissed. Dkt. 11 at 2. The Court agrees. A state agency and state officials acting in their official capacity are not persons under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004).

This means that a plaintiff has no cause of action against a state agency under § 1983. *Maldonado*, 370 F.3d at 951. The State of Washington has not waived its Eleventh Amendment immunity. *Whiteside v. State of Wash.*, 534 F. Supp. 774, 778 (E.D. Wash. 1982); RCW 4.92.010. Plaintiff cannot assert a claim under § 1983 against DOC, and his complaint should be dismissed as to this defendant.

## CONCLUSION

For the foregoing reasons the Court recommends DOC's motion to dismiss be GRANTED and the complaint be dismissed as to the Washington State Department of Corrections with prejudice.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **December 27, 2022**. The Clerk should note the matter for **December 30, 2022**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due.

REPORT AND RECOMMENDATION - 3

The Clerk shall provide a copy of this Report and Recommendation to plaintiff and to the Honorable David G. Estudillo.

DATED this 12th day of December, 2022.

_____

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4