UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM EUGENE FIELDS,

                Plaintiff,

    v.

PIERCE COUNTY, et al,

                Defendant.

CASE NO. 3:22-cv-05626-DGE-BAT

**REPORT AND
RECOMMENDATION**

Plaintiff William Eugene Fields, who is currently confined at the Washington Corrections Center, filed a *pro se* 42 U.S.C. § 1983 civil rights complaint against Defendants Pierce County, and the Washington Department of Corrections (DOC). On January 3, 2023, the Court dismissed with prejudice all claims against the DOC. Dkt. 14.

Before the Court is defendant Pierce County's motion to dismiss plaintiff's claims against it under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 17. The motion was filed on January 27, 2023 and noted for February 24, 2023. *Id.* Plaintiff has not responded to the dismissal motion. Because Plaintiff's complaint fails to set forth facts that are sufficient to establish a claim for relief against Defendant, the Court recommends Pierce County's motion to dismiss be granted and the claims against Pierce County be DISMISSD with prejudice.

REPORT AND RECOMMENDATION - 1

1

## BACKGROUND

2

3      The complaint alleges Plaintiff's constitutional rights were violated when he was

4   incarcerated by the DOC past his credit for time served release date and when the DOC denied

5   him access to the courts and to his attorney to contest his release date. Dkt. 5 (Complaint) at 4-5,

6   6-7. Plaintiff named as defendants Pierce County of the State of Washington and the DOC. *Id.* at

7   1. As noted above the Court has dismissed all claims against the DOC and therefore the sole

8   remaining Defendant is Pierce County.

9      The complaint avers that on August 6, 2021, the Pierce County Superior Court sentenced

10  Plaintiff to 33 months of imprisonment and granted 693 days of "credit." Dkt. 5 at 4.  On August

11  17, 2021, Plaintiff was transferred to the DOC and was advised by the DOC that his release date

12  was December 21, 2021. *Id.* Plaintiff grieved this calculation and contends he was not helped by

13  DOC and was denied access to his former defense lawyer. About September 1, 2021, Plaintiff

14  was notified by the DOC records department he "had served three violations in connection to the

15  community custody [he] was on at the time of arrest." *Id.*at 5-6. These violations ostensibly

16  affected Plaintiff's release date. Plaintiff grieved the impact of the community custody violations

17  on his release date and obtained help from his former defense lawyer and the prosecuting

18  attorney to amend Plaintiff's judgment and sentence to indicate the community custody

19  violations could not be used to deduct credit for time served. *Id.* at 6. Plaintiff contends the DOC

20  lacked the authority to confine him for as long as it did, notwithstanding their claim that they

21  relied upon records from the Pierce County Jail. By the time the issue of Plaintiff's credit for

22  time served was sorted out by the DOC, Plaintiff contends he had served "38 months on a 33-

23  month sentence." *Id.* at 7.

1    As relief, Plaintiff seeks monetary relief and/or the dismissal of two cause numbers in

2    Pierce County Superior Court. *Id.* at 9.

3                                 **DISCUSSION**

4    On January 17, 2023, the sole remaining Defendant, Pierce County, filed a motion to

5    dismiss under Rule 12(b)(6). Dkt. 17. The Court should dismiss a complaint under Rule 12(b)(6)

6    when it appears beyond a doubt the plaintiff can prove no set of facts that would entitle him to

7    relief. *Homedics, Inc. v. Valley Forge Ins. Co.*, 315 F.3d 1135, 1138 (9th Cir. 2003). Assuming

8    the verity of the facts alleged in Plaintiff's complaint, the judgment and sentence entered in

9    August 2021 in Plaintiff's criminal case, and the November 2021 motion to correct that

10   judgment, it is clear the length of time Plaintiff was incarcerated in the BOP flowed from how

11   the original August 2021 criminal judgment made no reference about the impact Plaintiff's

12   community custody sanctions had on the 693 days of credit for time that Plaintiff served in the

13   Pierce County Jail. The lack of a reference about the impact of these sanctions delayed Plaintiff's

14   release and was not remedied until November 2021 when Plaintiff's public defender and the

15   prosecutor obtained an order from the sentencing judge amending the August 2021 judgment.

16   The order amending the judgment directed the BOP not to subtract time imposed for four

17   community custody sanctions from the 693 days of credit for time served in the Pierce County

18   jail. Dkt. 18 (exhibits to motion to dismiss).

19   When a motion to dismiss is brought under Rule 12(b)(6), a district court must accept all

20   factual allegations in the complaint as true and must liberally construe those allegations in a light

21   most favorable to the non-moving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

22   However, conclusory allegations are not similarly treated. *Warren v. Fox Family Worldwide,*

23   *Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). While the Court may generally not consider any

material beyond the pleadings in ruling on a Rule 12(b)(6) motion, the Court may take judicial notice of "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citation omitted); *Sinatro v. Barilla America Inc.*, ---F.Supp. 3d. ---, 2022 WL 1012876 at *4 (N.D. Cal. Oct, 17, 2022) (Court can take judicial notice of undisputed facts in matters of public record). Here, the Court may properly consider Plaintiff's August 2021 criminal judgment and the November 2021 motion and order amending the judgment in making a Rule 12(b)(g) determination because they are both matters of public record, and there is no dispute as to the contents of either public record.

To avoid dismissal, a § 1983 complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citations omitted). Further, as the Supreme Court stated in *Iqbal*, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" *Id.* (citations omitted).

REPORT AND RECOMMENDATION - 4

1    Plaintiff's complaint is brought pursuant to 42 U.S.C. § 1983. To state a claim for relief

2   under § 1983, Plaintiff must show: (1) he suffered a violation of rights protected by the

3   Constitution or created by federal statute, and (2) the violation was proximately caused by a

4   person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir.

5   1991). Thus, the first prong in a § 1983 claim is to identify what specific constitutional right was

6   allegedly violated. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a

7   plaintiff must allege facts showing how individually named defendants caused, or personally

8   participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633

9   (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

10    A local government unit or municipality, such as Pierce County, can be sued as a "person"

11   under § 1983. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691–94

12   (1978). However, a municipality cannot be held liable under § 1983 solely because it employs a

13   tortfeasor. *Id*. A plaintiff seeking to impose liability on a municipality under § 1983 must identify

14   a municipal "policy" or "custom" that caused his or her injury. *Bryan Cnty. Commissioners v.*

15   *Brown*, 520 U.S. 397, 403 (1997) (citing *Monell* 436 U.S. at 694). A Plaintiff must also

16   demonstrate that, the municipality, through its deliberate conduct, was the "moving force" behind

17   the injury alleged. *Id*. at 404. Liability may also exist where there is a "policy of inaction and such

18   inaction amounts to a failure to protect constitutional rights." *Oviatt v. Pearce*, 954 F.2d 1470 (9th

19   Cir. 1992) (citation omitted). A municipality may be held liable under a claim brought under §

20   1983 only when the municipality inflicts an injury. *City of Canton v. Harris*, 489 U.S. 378, 387-89

21   (1989). However, because *Monell* held that a municipality may not be held liable under a theory

22   of respondeat superior, a plaintiff must show that the municipality's deliberate indifference led to

23

1  its omission and that the omission caused the employee to commit the constitutional violation.

2  *City of Canton v. Harris,* at 387.

3      Here, Plaintiff alleges Pierce County violated his rights. Defendant Pierce County contends

4  in its motion to dismiss that, on its face, the complaint fails to establish any liability. Pierce

5  County first argues the complaint alleges Plaintiff's claim that his release date was incorrectly

6  calculated occurred solely during the time in which he was in the custody of the BOP. The

7  allegation that BOP miscalculated or interfered with Plaintiff's access to his former defense

8  lawyer regarding the release date has nothing to do with Pierce County or any Pierce County

9  employee. Dkt. 17 at 5. Rather the release date the BOP calculated was based upon Plaintiff's

10  judgment and in consideration of the community custody sanctions Plaintiff received. Defendant

11  Pierce County is thus correct that to the extent the complaint makes allegations against the DOC

12  for miscalculating his release date or interfering with access to counsel, those allegations do not

13  state a claim for relief against Pierce County.

14      Pierce County next contends the complaint presents no facts that an employee of Pierce

15  Count violated Plaintiff's rights, or that Pierce County promulgated a policy or practice causing

16  the alleged violations here. Pierce County agrees with Plaintiff that Plaintiff's original judgment

17  and sentence entered on August 6, 2023, stated that Plaintiff is granted "693 days credit for time

18  served, minus DOC sanction time, subject to DOC recalculation." Dkt. 18 (Judgment and

19  sentence). On November 4, 2021, Plaintiff's defense counsel and the Pierce County Prosecuting

20  Attorney obtained a modification of the judgment and sentence. *Id.* The modification states

21  Plaintiff shall receive "'693 days credit for time served, minus DOC sanction time (sanctions for

22  violations of the now vacated convictions under 12-1-01723-1, 12-1-01778-8, 12-1003266-3 and

23  13-1-04916-5 <u>shall not</u> be subtracted from this credit), subject to DOC recalculation' and should

1    also include the language 'any calculations for awarding good time by DOC shall be based upon

2    this credit for time served in the Pierce County Jail in addition to any other DOC regulation

3    governing the award of good time.'" *Id.*

4      These facts do not establish that Pierce County promulgated a policy or practice that led to

5    the issuance of the August 2021 judgment and the alleged violation regarding calculation of credit

6    for time served. Rather the record before the Court clearly establishes a Pierce County Superior

7    Court Judge entered a sentence and judgment in August 2021 that led to BOP delaying Plaintiff's

8    release date because the judgment made no reference to the impact of Plaintiff's community

9    custody sanction violations. The judgment, as the Court entered, thus clearly delayed Plaintiff's

10   release date and was remedied when defense counsel filed an unopposed motion in November

11   2021 that amended the judgment by directing the BOP not to rely on the community custody

12   sanction violations to "subtract" from the time Plaintiff had spent in the custody of the Pierce

13   County Jail.

14     The actions of the Pierce County Superior Court Judge, state public defender and the

15   prosecuting attorney regarding the initial judgment that delayed release do not establish a claim

16   for relief against Defendant Pierce County. First there is nothing showing the judgment entered

17   in August 2021, was entered pursuant to a policy or practice of Pierce County. Rather the

18   judgment entered was entirely a function of the Superior Court Judge's judicial authority. The

19   Pierce County Superior Court Judge who entered judgment in August 2021 is absolutely immune

20   in this case because entry of a criminal judgment is a judicial act performed within the

21   jurisdiction of the judge's court. *See Mireles v. Waco*, 502 U.S. 9, 9–12 (1991); see *Stump v.*

22   *Sparkman*, 435 U.S. 349 (1978); *accord Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.

23   1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken

REPORT AND RECOMMENDATION - 7

1   within the jurisdiction of their courts.") (citation omitted). Judicial immunity applies even when

2   a judge acts in excess of his or her authority. *Id*. at 356. This strong immunity protects judicial

3   independence by insulating judges from vexatious actions prosecuted by disgruntled litigants.

4   *Forrester v. White*, 484 U.S. 219, 225 (1988). This immunity is immunity from suit, not a mere

5   defense to liability, so a defendant with absolute immunity is entitled to dismissal before the

6   commencement of discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (1985). Thus, Pierce

7   County is not liable for the actions the Pierce County Superior Court judge took in entering the

8   August 2021 judgment and the Judge, himself, is immune from liability.

9          Likewise, the Pierce County Prosecutor that was involved when the August 2021

10   judgment was entered is also immune from liability for damages under 42 U.S.C. § 1983 because

11   the prosecutor "act[ed] within his or her authority and in a quasi-judicial capacity." *Ashelman v.*

12   *Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (citing *Imbler*, 424 U.S. at 430-31); *see also Ybarra*

13   *v. Reno Thunderbird Mobile Home Village*, 723 F.2d 674, 678 (9th Cir. 1984) ("If the prosecutor

14   acts as an advocate 'in initiating a prosecution and in presenting the State's case,' absolute

15   immunity is warranted.") (quoting *Imbler*, 424 U.S. at 430-31). Prosecutorial immunity applies,

16   furthermore, "even if it leaves 'the genuinely wronged defendant without civil redress against a

17   prosecutor whose malicious or dishonest action deprives him of liberty.'" *Ashelman*, 793 F.2d at

18   1075 (quoting *Campbell v. Maine*, 787 F.2d 776, 778 (1st Cir. 1986)). Here, Plaintiff pled guilty,

19   and his § 1983 claim revolves around the language contained in his August 2021 judgment and

20   the impact it had on his release date. The language contained in the August judgment was

21   language that was entered in Court at the time of Plaintiff's sentencing hearing, as the specific

22   language regarding the 693 days of credit was hand-written into the judgment. Any error

23   contained in the August 2021 judgment occurred while the prosecutor appeared in Court and

when the judgment, with the hand-written credit, was entered. As these acts clearly fall within the prosecutor's role as an advocate the prosecutor is absolutely immune. Pierce County thus cannot be held liable for the actions of the prosecutor.

And lastly Plaintiff was represented by a state public defender at the time the August 2021 judgment was entered. *See* Dkt. 15 (judgment and motion to correct judgement). A state public defender performing traditional lawyer functions is not a state actor who can be sued under § 1983. *See, e.g.*, *French v. Carlson,* 368 Fed. Appx. 839 (9th Cir. 2010). Plaintiff has not named his former public defender as a defendant who violated his rights but even if he did, the actions of Plaintiff's Defender regarding entry of the August 2021 judgment are all traditional lawyer functions and thus the Defender cannot be sued under § 1983.

**CONCLUSION**

Plaintiff's complaint fails to set forth facts to establish a claim for relief. Plaintiff alleges the delay in his release from the BOP violated his rights. This delay arose because Plaintiff's original August 2021 criminal judgment did not mention what impact Plaintiff's community custody sanctions should have on the credit-for-time he served in the Pierce County jail. The August 2021 judgment was subsequently amended in November 2021 in an order directing BOP not to subtract community custody sanction time from Plaintiff's credit-for-time served in the jail. There are thus no facts establishing that Pierce County is liable for the delay by promulgating a policy or practice that caused the delay in release. Rather the case involves the actions of the Pierce County Superior Court Judge, the prosecutor and Plaintiff's public defender. Because the actions performed by each all fall within the roles and authority of each of these individuals, they each enjoy immunity from suit. The Court accordingly recommends

REPORT AND RECOMMENDATION - 9

1    Pierce County's motion to dismiss be GRANTED and the complaint be dismissed with

2    prejudice.

3                              **OBJECTIONS AND APPEAL**

4            This Report and Recommendation is not an appealable order. Therefore, Plaintiff should

5    not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the

6    assigned District Judge enters a judgment in the case.

7            Objections, however, may be filed and served upon all parties no later than **March 13,**

8    **2023**. The Clerk should note the matter for **March 17, 2023**, as ready for the District Judge's

9    consideration if no objection is filed. If objections are filed, any response is due within 14 days

10   after being served with the objections. A party filing an objection must note the matter for the

11   Court's consideration 14 days from the date the objection is filed and served. The matter will

12   then be ready for the Court's consideration on the date the response is due.

13           The Clerk shall provide a copy of this Report and Recommendation to the parties and to

14   the Honorable David G. Estudillo.

15           DATED this 27th of February, 2023.

16

17                                          _____
                                            BRIAN A. TSUCHIDA
18                                          United States Magistrate Judge

19

20

21

22

23

REPORT AND RECOMMENDATION - 10